Turley, J.
delivered the opinion of the court.
William White was sued by the Planters’ Bank of Tennessee, as the endorser of a promissory note drawn by C. M. Barker & Co. on the 9th day of August, 1843, for the sum of one thousand dollars, payable at four months, at the Planters’ Bank at Clarksville. At maturity the note was duly presented for payment, and dishonored, of which facts the defendant White was duly and legally notified.
But it appeared upon the trial, that the endorsement of White was for the accommodation of the makers, the design of drawing the note being to renew another falling due in Bank, executed by the same makers; that Charles M. Barker, one of the partners of the firm of Charles M. Barker & Co. also endorsed the note as last endorser, for the purpose of enabling him to check for the amount, so as to appropriate it to the previous note, which he did. Whereupon it was contended, that the endorsement of Barker, subsequent to that of White, was considered as evidence that the note had come into his possession in due course of trade, and that being a member of the firm *442 which drew it, it operated as a satisfaction of the debt, so far as previous endorsers were concerned, and that they were thereby discharged from any liability to the Bank, who received it by Barker’s endorsement.
Upon this point, the court charged the jury, “that when negotiable paper came to the hands of the makers, or any one of them, for value, after the same had been endorsed, and was by him endorsed and put into circulation, such subsequent acquirement of the note operated as a discharge of the previous endorsers, if the maker to whose hands such negotiable note came gave value for it, and that the law presumes such valuable consideration was paid upon such endorsement; but such presumption might be rebutted by proof, showing that in point of fact, C. M. Barker, the last endorser, gave nothing for the note, or that the same was made for the accommodation of the makers, to raise money thereon; that if the jury believed said note was made for the accommodation of the makers, and endorsed with that view and for that purpose, the subsequent possession by C. M. Barker would not operate as a discharge of the previous endorsers.” Upon this charge as applicable to the proof, the jury found a verdict for the defendant, and a motion for’a new trial was overruled.
In this, we think there was error. The proof shows, most conclusively, that the note was made for the accommodation of the makers, and endorsed for that purpose; and there is no proof whatever to the contrary. The case, then, fell within the exception so clearly stated by the court to the jury, and the verdict should have been for the plaintiff. It not having been so, a new trial ought to have been granted.
Reverse the judgment, and remand the cause for a new trial.